GLADNEY, Judge
(dissenting).
As shown in the majority opinion, the appeal taken to this court was pursuant to orders of appeal granted Tri-State Finance Corporation April 3, 1961 from a judgment signed on that same date, maintaining a motion to dissolve the writ of sequestration. The appeal bond filed on April 25, 1961, effected a devolutive appeal from the judgment rendered against Tri-State Finance Corporation. On April 4, 1961, a separate judgment was signed on the merits of the case and from that judgment neither the plaintiff nor defendant perfected orders of appeal.
In briefs filed before this court both the appellant and appellee treat the appeal as if it is inclusive of both judgments. My opinion is that our consideration is limited to the entirety of the judgment appealed and we have no jurisdiction to consider matters having no connexity with or which do not arise out of the judgment from which plaintiff appealed.
LSA-C.C.P. Art. 2133 permits an appellee to timely file an answer to the appeal which “shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer.”
The answer of appellee to the appeal not only seeks to have this court consider cer *106 tain damages arising from the alleged illegal seizure of respondent’s truck, but also includes a prayer for relief which has no relationship to the judgment sustaining the motion to dissolve, hut arises from other matters which were tried on the merits and for which a separate judgment was signed, hut from which no appeal was taken. It is, therefore, my opinion that the majority opinion is in error in extending the jurisdiction of this court to include those matters which go beyond the concept of the judgment sustaining the motion to dissolve the writ of sequestration.